IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETCHEN MCDANIEL, and<br>MATTHEW MCDANIEL, husband and<br>wife, individually and as the parents and<br>natural guardians of A. M., a minor child,<br><br>Plaintiffs,<br><br>and<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE<br>COMPANY,<br><br>Consolidated Plaintiff,<br><br>vs.<br><br>KIDDE RESIDENTIAL &<br>COMMERCIAL, a division of UT FIRE<br>& SECURITY; and SAM'S CLUB, a<br>Division of Wal-Mart Stores, Inc.,<br><br>Defendants. | Civil Action No. 2:12-cv-1439<br>District Judge Nora Barry Fischer |

## ORDER

AND NOW, this 13th day of October, 2015, upon consideration of Defendants' Motion in Limine to Exclude Evidence of Other Unrelated Incidents of Reported Fire Extinguisher Failure (hereinafter "Motion"). (Docket No. 119), Plaintiffs' Brief in opposition thereto, (Docket No. 144),

1

Defendants' Reply Brief, (Docket No. 163), the deposition testimony of Thomas Lucier, Theresa Farrell, Stuart Jones, and Ronald C. Mauney of Kidde (Docket Nos. [139–41, 151]), Oral Argument at the Motion Hearing on September 2, 2015 (Docket No. [173]), wherein Plaintiffs once again conceded, through their counsel, that they only planned to introduce and use evidence at trial regarding Defendant Kidde's protocol for handling customer complaints and not utilize the complaints themselves at trial for any purpose, and Plaintiffs' Witness List and Offer of Proof (Docket Nos. [174–75]), wherein Plaintiffs list Farrell to testify that when Kidde receives a complaint than an extinguisher failed, the information is immediately passed on to the legal department, and Jones to testify that despite being Kidde's corporate quality manager, he was never made aware of any prior incidents of failure with the extinguisher even though Kidde's legal department was supposed to forward such information to him,

IT IS HEREBY ORDERED that Defendants' Motion in Limine, (Docket No. [119]), is DENIED. Plaintiffs' complaint seeks punitive damages, and to the extent that they seek punitive damages, Pennsylvania law requires Plaintiffs to put forth evidence of the Defendants' culpable state of mind. *See Brand Mktg. Grp. LLC v. Intertek Testing Servs.*, N.A., Inc., No. 14-3010, 2015 WL 5255078, at *10 (3d Cir. Sept. 10, 2015) ("[T]o justify an award of punitive damages, the fact-finder must determine that the defendant acted with a culpable state of mind, *i.e.*, with evil motive or reckless indifference to the rights of others." (quoting *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983–84 (Pa.Super.Ct. 2005))).

Although Defendants are generally correct that evidence of prior or other instances is

generally inadmissible absent a showing of substantial similarity,[1] Plaintiffs have cleverly avoided the ambit of Defendants' substantial similarity case law by conceding in their briefing (Docket No. [126]), in their proposed cautionary instruction (Docket No. [169]), and at oral argument (Docket No. [173]), that they will limit their use of any evidence regarding prior instances to describing Kidde's protocol, without making reference to any specific instance individually. Defendants have presented no counter arguments outside of their repeated argument based in the exclusion of similar instances.

IT IS FURTHER ORDERED that as Defendants' Motion has been denied, Defendants shall file a proposed cautionary instruction on or before **October 16, 2015** in line with this Court's ruling.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

---

[1] *See e.g., Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 90 (3d Cir. 1983); *Barker v. Deere and Co.*, 60 F.3d 158, 163 (3d Cir. 1995)