## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRETCHEN MCDANIEL, and MATTHEW MCDANIEL, husband and wife, individually and as the parents and natural guardians of A. M., a minor child, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | Civil Action No. 2:12-cv-1439 District Judge Nora Barry Fischer |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| Consolidated Plaintiff, | ) ) | |
| vs. | ) ) ) ) | |
| KIDDE RESIDENTIAL & COMMERCIAL, a division of UT FIRE & SECURITY; and SAM'S CLUB, a Division of Wal-Mart Stores, Inc., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 14th day of October, 2015, upon consideration of Defendants' Motion to

Admit Evidence of Plaintiff Gretchen McDaniel's Conduct in Causing Her Injuries (Docket No.

[160]), Plaintiffs' Brief in opposition thereto, (Docket No. [164]), Plaintiff Gretchen McDaniel's

Deposition transcript (Docket No. [143]), and having heard Oral Argument from counsel at the Motion Hearing on September 2, 2015 (Docket No. [173]),

IT IS HEREBY ORDERED that Defendants' Motion is GRANTED. Initially, the Court notes that because Plaintiffs continue to maintain their negligence cause of action, all evidence of Mrs. McDaniel's conduct in causing her injuries is presently admissible to establish comparative negligence. 42 Pa. C.S. § 7102. Based on that premise alone, Defendants' Motion may be granted.

To the extent Plaintiffs contend that the evidence is inadmissible for purposes of their strict liability claim, in this Court's estimation, the background information Defendants seek to introduce, namely Mrs. McDaniel's actions in creating the fire, are highly relevant to the disputed facts in this case, and particularly relevant to the issue of causation. *See* Fed. R. Evid. 401, 402, 403; *see also Mazur v. Milo's Kitchen, LLC*, No. CIV.A. 12-1011, 2013 WL 3245203, at *4 (W.D. Pa. June 25, 2013) (citing *Spino v. John S. Tilley Ladder Co.,* 548 Pa. 286 (1997)) ("[T]o maintain a claim for product liability under a theory of negligence or strict liability, a plaintiff must show, inter alia, that the product at issue was defective and that the defect was the proximate cause of the injuries complained of.").

To the extent that the Plaintiffs contend evidence of Mrs. McDaniel failing to leave the burning house immediately after her fire extinguisher did not operate, or evidence that Mrs. McDaniel moved the pot of oil in an attempt to remove the fire from her home is inadmissible, this Court disagrees. The evidence is initially admissible because Defendants can use it for their assumption of risk defense. *Reott v. Asia Trend, Inc.*, 618 Pa. 228, 241 (2012).

Furthermore, Defendants' mitigation of damages affirmative defense, (Docket Nos. [30] at ¶ 70, [31] at ¶ 70), makes this evidence admissible at least as to the Plaintiffs' negligence claim.

Although this Court recognizes that other courts have refused to allow mitigation of damages to serve as the sole basis for admitting evidence in a strict liability case, *see e.g., Dillinger v. Caterpillar, Inc.*, 959 F.2d 430, 440 (3d Cir. 1992), since the evidence is admissible for a number of other reasons, and since Plaintiffs continue to pursue a negligence claim against Defendants (Docket No. [1] at 5), the evidence can also be admitted under a mitigation of damages rationale at least as to the negligence claim. *See e.g., Schifino v. Geico Gen. Ins. Co.*, No. 2:11-CV-1094, 2013 WL 6533180, at *12 (W.D. Pa. Dec. 13, 2013) ("The law requires a person who is injured by the negligence of another to take all reasonable steps to minimize his damages, a principle set forth in the Restatement (Second) of Torts § 918.") (citations omitted); *see also Utz v. Johnson*, No. 04-CV-0437, 2004 WL 3828095, at *2 (E.D. Pa. Dec. 6, 2004) ("When additional harm occurs after the commission of the tort because of a separate incident, the mitigation of damages or avoidable consequences rule applies.")[1] (citations omitted).

Moreover, to the extent that Plaintiffs argue that the recognized defenses to product liability "pertain to the plaintiff's use of the product, at issue, and not, as defendants try to apply them here, to the events that preceded or followed the use," (Docket No. [164]), Plaintiffs ignore the Defendants' right to attempt to impeach Mrs. McDaniel's testimony. As the only adult witness to how the fire started, and as a claimant with multiple interests in this case, Mrs. McDaniel's credibility has been placed squarely at issue in this case. That credibility should be determined by the jury. *See, e.g., Gomez v. Markley*, No. CIV. 07-868, 2011 WL 2580410, at *6 (W.D. Pa. June 28, 2011) aff'd, 493 F. App'x 334 (3d Cir. 2012) ("Because it is the jury's role to determine the credibility of the

---

[1] The Third Circuit in *Cipollone v. Liggett Grp., Inc.*, defined "avoidable consequences" as "the name given to the damage that plaintiff causes to herself by breaching her duty to mitigate damages." 893 F.2d 541, 557 n.8 (3d Cir. 1990) *aff'd in part, rev'd in part*, 505 U.S. 504, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992).

witnesses and to weigh the evidence, the Court will not substitute its judgment . . . for that of the jury.") (citations omitted).

            *s/Nora Barry Fischer*
            Nora Barry Fischer
            United States District Judge